IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INSTITUTO DE EDUCACION UNVERSAL, INC. and ANGEL RUIZ RIVERA<br><br>Plaintiffs<br><br>v.<br><br>GREAT LAKES HIGHER EDUCATION CORP., et al.<br><br>Defendants | Civil No. 98-1300(SEC) |

### ORDER

On February 4, 1999, plaintiffs second amended complaint was filed (hereinafter the "complaint"). (**Docket # 22**). In it, plaintiffs seek damages against, *inter alia*, and as it is relevant here, the United States Department of Education, its Secretary, the Honorable Richard Riley, and its Director, Administrative Actions and Appeals Division, David Morgan (hereinafter, collectively, the "federal defendants"), and the Student Loan Marketing Association (hereinafter "Sallie Mae"), based on alleged tortious malfeasance and breach of contract, respectively.

On April 19, 1999, the federal defendants moved to dismiss on grounds that (1) plaintiffs failed to satisfy the necessary prerequisite filing of an administrative claim prior to seeking judicial relief for the alleged tortious conduct, (2) plaintiffs' claims are barred under the Federal Tort Claims Act, and (3) plaintiffs' complaint does not state a cognizable *Bivens* action. (**Docket # 27**). On June 29, 1999, Sallie Mae also moved for dismissal, albeit on different grounds. (**Docket # 32**).

AO 72A
(Rev. 8/82)

**Civil No. 98-1300(SEC)**                                                                                                  2

On November 24, 1999, plaintiff Instituto de Educación Universal, Inc. (hereinafter "IEU") filed a motion acquiescing to the dismissal of the complaint as to the federal defendants. **(Docket # 39)**. Partial judgment was entered accordingly. **(Docket # 42)**.

On December 9, 1999, the Court ordered plaintiff Angel Ruiz Rivera (hereinafter "Ruiz") to show cause within ten days why the federal defendants' and Sallie Mae's respective motions should not be granted. **(Docket # 44)**.[1] The Court also warned Ruiz that noncompliance could result in the dismissal of the complaint as to these defendants. **(Id.)**. Ruiz neither complied nor requested an extension of time to do so.

Because of Ruiz's noncompliance, Sallie Mae requested the Court to act upon its warning and dismiss the complaint in its regard. **(Docket # 50)**. Sallie Mae also requested that IEU's opposition to its motion to dismiss be stricken from the record as belated. **(Id.)** As of today, Ruiz has failed to oppose the federal defendants' motion to dismiss, thereby also failing to comply with the Court's order. Ruiz has also failed oppose Sallie Mae's motion to dismiss, as well as Sallie Mae's request that the Court dismiss his claims for failure to comply with the Court's December order. Furthermore, Ruiz has not requested additional time to oppose either motion. Ruiz's only subsequent filing in the record is an "Informative Motion" essentially complaining about discovery proceedings. **(Docket # 63)**.

"[T]he law is well settled in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal."

---

[1] Pursuant to P.R. Loc. R. 311.5, Ruiz had ten days to oppose both motions.

AO 72A
(Rev. 8/82)

**Civil No. 98-1300(SEC)** 3

<u>HGM Property Investors v. Parque Industrial Río Cañas</u>, 847 F.2d 908, 918 (1st Cir. 1988). That a plaintiff is litigating *pro se* does not absolve him from complying with his duty towards the court. See <u>United States v. Heller</u>, 957 F.2d 26, 31 (1st Cir. 1992). Having Ruiz failed to heed the Court's December warning, his complaint is hereby **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and P.R. Loc. R. 313.3 as it pertains to defendants the United States Department of Education, its Secretary, the Honorable Richard Riley, and its Director, Administrative Actions and Appeals Division, David Morgan, and the Student Loan Marketing Association. The Court, however, will address Sallie Mae's motion to dismiss as it pertains to IEU's claims, and will take IEU's brief in opposition thereto into consideration. Therefore, Sallie Mae's request to dismiss Ruiz's claims for lack of prosecution is hereby **GRANTED**. Sallie Mae's request to strike IEU's opposition brief is **DENIED**. Accordingly, Sallie Mae's "Reply in Further Support of Motion to Dismiss (**Docket # 50**) is hereby **GRANTED IN PART** and **DENIED IN PART**. In light of this ruling, the federal defendants' and Sallie Mae's respective motions to dismiss (**Dockets # 27 and # 32**) with regards to plaintiff Ruiz are **MOOT**. Partial judgment shall follow accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2000.

SALVADOR E. CASELLAS
United States District Judge