IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INSTITUTO DE EDUCACION UNIVERSAL, INC. and ANGEL RUIZ RIEVERA <br><br> Plaintiffs <br><br> v. <br><br> GREAT LAKES HIGHER EDUCATION GUARANTEE CORPORATION, et al. <br><br> Defendants | Civil No. 98-1300(SEC) |

## ORDER

Pending before the Court are a "Motion to Strike" (**Docket # 75**) filed by defendant Student Loan Marketing Association (hereinafter "Sallie Mae") and a "Motion to Pray for the Reconsideration of this Honorable Court of the Dismissal of the Action of Co-Plaintiff Angel Ruiz Rivera" (**Docket # 80**) filed by co-plaintiff Angel Ruiz Rivera. For the reasons set forth below, both motions are denied.

**The Motion to Strike**

In its motion, Sallie Mae seeks to strike a purported motion filed by co-plaintiff Ruiz Rivera entitled "Reply to Co-Defendant Great Lakes' Response to Co-Plaintiff Angel Ruiz's Informative Motion" (hereinafter the "Reply"). According to Sallie Mae, "[a]lthough the Reply is addressed to Great Lakes, it incorporates random allegations and averments against Sallie Mae that should not be regarded by this court as co-plaintiff Angel Ruiz's opposition to Sallie Mae's Motion to Dismiss." (**Docket # 75**, at ¶ 7). Sallie Mae argues that since Rivera's claims against it have been already dismissed by the Court, the Reply should be stricken inasmuch as it may be construed as an

**Civil No. 98-1300(SEC)**                                                                                                    2

opposition to Sallie Mae's pending motion to dismiss (**Docket # 32**). The problem is, however, that Ruiz Rivera has not filed his Reply with the Court. Thus, there is nothing to strike. Accordingly, Sallie Mae's "Motion to Strike" (**Docket # 75**) is hereby **DENIED**.

**Ruiz Rivera's Motion for Reconsideration**

On April 13, 2000, the Court dismissed Ruiz Rivera's claims against defendants the United States Department of Education, its Secretary, the Honorable Richard Riley, its Director of Administrative Actions and Appeals Division, Mr. David Morgan, and Sallie Mae. (**Docket # 66**). Partial judgment was entered accordingly on that day. (**Docket # 67**). As explained in the Court's order, dismissal was warranted in light of Ruiz Rivera's lack of prosecution and failure to comply with various orders of the Court.

Ruiz Rivera moved for reconsideration on March 31, 2000 (**Docket # 80**), outside the ten day period established in Fed. R. Civ. P. 59(e) for such purpose. Therefore, the Court is without jurisdiction to hear his motion. See Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 223 (1st Cir. 1994) (10-day period established in Rule 59(e) is jurisdictional). Moreover, even if construed as a motion under Fed. R. Civ. P. 60(b) for relief from judgment, Ruiz Rivera's motion does not present any special circumstances warranting such relief. Accordingly, Ruiz Rivera's motion for reconsideration (**Docket # 80**) is hereby **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this _10_ day of August, 2000.

SALVADOR E. CASELLAS
United States District Judge