IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INSTITUTO DE EDUCACION
UNIVERSAL, INC. and ANGEL
RUIZ-RIVERA

   **Plaintiff(s)**                             CIVIL NO. 98-1300 (JAG)

         v.

GREAT LAKES HIGHER EDUCATION
CORP., UNKNOWN INSURANCE
COMPANY, et al

   **Defendant(s)**

---

### OPINION AND ORDER

Defendant Student Loan Marketing Association ("Sallie Mae") seeks dismissal of the Complaint. In an August 28, 2001 Opinion and Order, the Court dismissed all remaining co-defendants from the case. In this Opinion and Order, the Court grants Sallie Mae's motion and dismisses plaintiffs' claims against it.

### FACTUAL BACKGROUND

Given the Court's recent review of the factual background of the case, it will not restate it here. See Case No. 98-1330, Docket No. 99 at 1-4 (August 28, 2001 Opinion and Order).

Plaintiffs allege, first, that Sallie Mae breached a contract by "denying IEU students the loans to which they were entitled to as students attending an eligible institution." (Docket No. 22, Second Amended Complaint at ¶ 1.) Second, plaintiffs claim that



s/c: Jose Fagot
9/28/01



Civil No. 98-1300(JAG)                                                    2

defendants libeled IEU by intentionally or negligently publishing to IEU's students that IEU had lost its eligibility to administer federal student financial aid funds. Id. Specifically as to Sallie Mae, plaintiffs allege that it placed stop payments on checks disbursed to IEU students "and is therefore responsible for the damages caused due to this tort action." Id. at ¶ 3.

### DISCUSSION

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

"Although this standard is diaphanous, it is not a virtual mirage." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). In order to survive a motion to dismiss, "a complaint must

set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Id. In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Courts, moreover, "will not accept a complainant's unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).

A. The Breach of Contract Claim

The elements of a cause of action for breach of contract are (1) a valid contract and (2) a breach by one of the parties to the contract. See, e.g., F.C. Imports v. First Nat'l Bank, 816 F. Supp. 78, 93 (D.P.R. 1993) (citing Unisys P.R., Inc. v. Ramallo Brohters Printing, Inc., 91 J.T.S. 69 (P.R. 1991)). Failure to state the details regarding the creation of the contract and its contents is sufficient to dismiss a breach of contract claim. See Doyle v. Hasbro, 103 F.3d 186, 195 (1st Cir. 1996).

Plaintiffs make no allegation that any contract ever existed between Sallie Mae and IEU, nor that Sallie Mae breached any

provisions of any contract with IEU. Plaintiffs' opposition brief does not attempt to meet Sallie Mae's argument on this score. Instead, it offers sweeping generalities purporting to establish Sallie Mae's liability. As noted above, that simply will not suffice. Since plaintiffs have not established the existence of a contract with Sallie Mae or any facts tending to show any potential breach, this claim must be dismissed.

B. <u>The Defamation Claim</u>

Plaintiffs' defamation claim against Sallie Mae is premised on Sallie Mae's decision to place "stop payments" on checks disbursed to certain IEU students. In order to establish a defamation claim under Puerto Rico law, plaintiffs must show: (1) that an expression was "published"; (2) that the published information was false and defamatory; (3) that the publication of the false information caused injury; and (4) when the publication involves a private individual, that the publication was negligent. <u>See</u> <u>Acevedo v. Western Digital</u>, 96 J.T.S. 42 (P.R. 1996); <u>Pages v. Feingold</u>, 928 F. Supp. 148, 153 (D.P.R. 1996). Plaintiffs bear the burden of proving the falsity of the allegedly defamatory statements. <u>Ayala-Gerena v. Bristol Myers-Squibb. Co.</u>, 95 F.3d 86, 98 (1st Cir. 1996).

The Complaint fails to allege that there was any potentially defamatory communication from Sallie Mae regarding IEU's eligibility to administer financial aid funds. The plaintiffs'

Civil No. 98-1300(JAG)                                                                 5

opposition brief tries to equate the stop payment order with an actionable claim for defamation, but does not explain how that would meet the four-pronged defamation test outlined above. Even assuming that Sallie Mae ordered the stop payments, that fact alone would not establish liability for defamation under Puerto Rico law. The defamation claim must be dismissed.

### CONCLUSION

For the foregoing reasons, the Court grants Sallie Mae's motion to dismiss for failure to state a claim upon which relief can be granted. Judgment will enter accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 26th day of September, 2001.

_____
JAY A. GARCIA-GREGORY
United States District Judge