IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INSTITUTO DE EDUCACION
UNIVERSAL, INC. and ANGEL
RUIZ-RIVERA

    Plaintiff(s)

    v.

GREAT LAKES HIGHER EDUCATION
CORP., UNKNOWN INSURANCE
COMPANY, et al

    Defendant(s)

CIVIL NO. 98-1300 (JAG)

## OPINION AND ORDER

Plaintiff Angel Ruiz Rivera ("Ruiz Rivera") has filed a motion seeking reconsideration of the Court's August 28, 2001 Opinion and Order (Docket No. 99) granting defendant Great Lakes Higher Education Guaranty Corporation's motion for summary judgment. For the reasons set forth below, the Court denies Ruiz Rivera's motion.

A.  <u>Standard for Motions for Reconsideration</u>

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. See <u>Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.</u>, 37 F.3d 25, 29 (1st Cir. 1994)(citing <u>F.D.I. Corp. v. World University, Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992)); <u>Cherena v. Coors Brewing Com.</u>, 20 F. Supp.2d 282, 286 (D.P.R.1998); <u>National Metal Finishing Com. v. Barclaysamerican/Commercial, Inc.</u>, 899 F.2d 119, 124 (1st Cir. 1990). Motions for reconsideration may not be used by the losing party "to repeat old arguments previously

Civil No. 98-1300(JAG)                                                    2

considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com., 899 F.2d 119, 123 (1st Cir. 1990); see also Agola v. Hagner, 678 F. Supp. 988, 991 (E.D.N.Y. 1987); Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n. 3 (M.D.Pa. 1994)(a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed); Davis v. Lukhard, 106 F.R.D. 317 (E.D.Va.1984) (a motion for reconsideration cannot be used "to reargue matters already argued and disposed of nor to put additional arguments which could have been made but neglected to make before judgment").

B. Discussion

Ruiz Rivera's motion does not present newly discovered evidence or contend that there has been an intervening change in the law. Rather, the motion simply reargues matters that the Court disposed of in its August 28, 2001 Opinion and Order. To be sure, Ruiz Rivera disagrees with the Court's ruling. That does not entitle him, however, to revisit the issues decided in the summary judgment motion. Still the Court will entertain the issues presented in Ruiz Rivera's motion in summary fashion.

First, Ruiz Rivera contends that the Court erred in issuing its ruling without scheduling a hearing or providing advance notice of its intent to rule on the motion. The cases he cites in support of his contention do not assist him. Jardines Bacata v. Diaz Marquez, 878 F.2d 1555, 1561 (1st Cir. 1989), for example, involved

Civil No. 98-1300(JAG)     3

a *sua sponte* grant of summary judgment. Here, by contrast, the defendants had filed a motion for summary judgment (Docket No. 87), and plaintiffs filed an opposition (Docket No. 88). The Court did not enter summary judgment of its own initiative; rather, it did so after the parties placed it in a position to make a ruling on the merits.[1]

Ruiz-Rivera also contends that the Court improperly relied on an unpublished First Circuit opinion. At page six of its Opinion and Order, the Court cited to <u>Gierbolini-Rosa v. Banco Popular de P.R.</u>, 930 F. Supp. 712, 716 (D.P.R.1996), <u>aff'd</u> 121 F.3d 695 (1st Cir. 1997), for the proposition that actions for defamation may arise under the Libel and Slander Act of 1902, 32 L.P.R.A. §§ 3141-3149, and under Article 1802 of the Puerto Rico Civil Code, 32 L.P.R.A. § 5141. The Court relied on the prior District Court ruling (authored by Judge Fuste), not on the First Circuit ruling, which, as Ruiz-Rivera correctly notes, was affirmed in an unpublished opinion. In any case, the cite to <u>Gierbolini-Rosa</u> merely sought to make reference to a well-established principle of defamation law.

As for the substantive claims raised in Ruiz-Rivera's motion, none of the arguments seek reconsideration of the Court's ruling on his individual defamation claim – the only claim as to which he

---

[1] Similarly, there is no requirement that the Court hold oral argument prior to ruling on a summary judgment motion. Here, it does not appear that either party requested oral argument. Even if they had done so, however, the Court would not be required to grant it prior to issuing its ruling.

would be entitled to obtain review. As the Court has repeatedly admonished Ruiz-Rivera, he cannot represent co-plaintiff Instituto de Educacion Universal (IEU), a corporation that cannot appear on its own or by any person other than through a licensed attorney. See, e.g., Docket No. 23. As a result, the Court will not entertain any arguments seeking reconsideration as to IEU.

Lastly, even if the Court were to entertain Ruiz-Rivera's claim *as to himself* on its merits, it would conclude that the motion provides no justification for the Court to reconsider its ruling that Great Lakes' publication was entitled to receive a qualified privilege. Ruiz-Rivera may not use a motion for reconsideration "to repeat old arguments previously considered and rejected...." National Metal Finishing Com., 899 F.2d at 123.

### CONCLUSION

The Court denies Ruiz-Rivera's motion for reconsideration. Judgment shall enter dismissing the Complaint in its entirety.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 28th day of September, 2001.

*[signature]*
JAY A. GARCIA-GREGORY
United States District Judge

AO 72A
(Rev.8/82)