**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**



RECEIVED & FILED
02 MAY 17 AM 11: 46
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R.

Instituto de Educacion Universal, Inc.
and Angel Ruiz Rivera

v.                                                                98-1300 (JAG)

Great Lakes Higher Education Corporation
and Sallie Mae Marketing Association

---

### Notice of Appeal

To the Honorable Court:

Comes now the plaintiffs, appearing here through the undersigning Pro Se and In Forma Pauperis (IFP) litigant, in representation of both co-plaintiffs and respectfully states, alleges and prays as follows:

1. This Notice of Appeal is being filed pursuant to Rule 4 of the Federal Rules of Appellate Procedure (FRAP). It is being filed for both co-plaintiffs under the authority of Instituto de Educacion Universal v. U.S. Department of Education, 99-1628, April 12, 2000, U.S. Court of Appeals for the First Circuit. From that case we import the pertinent quote:

> " It is a close question as to whether a notice of appeal signed by a corporate officer has force with respect to the corporation. On reflection, however, we answer that question affirmatively. Corporations, unlike natural persons, can act only through agents. Moreover, appeal periods are notoriously brief and, if we were to adopt the Secretary's view, a corporate litigant whose counsel dies, becomes disabled, or withdraws at an inopportune time would be powerless to perfect an appeal. While it is true that a non-lawyer may not represent a corporation in ongoing proceedings, see In re Las Colinas Dev. Corp., 585 F.2d 7, 13 (1st Cir. 1978), we believe that a valid distinction can be drawn between ongoing legal representation and the essentially ministerial action involved in the filing of a notice of appeal. Thus, we hold that a corporate officer may sign and file a notice of appeal on behalf of the corporation, as long as the corporation then promptly retains counsel to take up the cudgels and prosecute the appeal. Accord



Appeals Clerk

130

Bigelow v. Brady, 179 F.3d 1164, 1165-66 (9th Cir. 1999) ("We fail to see any compelling reason to refuse to recognize a corporation's notice of appeal, signed and filed by a corporate officer, so long as a lawyer promptly thereafter enters a formal appearance on behalf of the corporation and undertakes the representation."); K.M.A., Inc. v. GMAC, 652 F.2d 398, 399 (5th Cir. 1981) (similar). That condition is satisfied here.

2. This Notice of Appeal is prompted by the fact that on April 16, 2002, this Honorable Court issued an Order denying our Motion Requesting Reconsideration of the Final Judgment, thus finally disposing of the case by issuing this final order. Such order was filed on April 18, 2002.

3. We are submitting as an exhibit to this Notice, copy of our Motion for Leave To Appear IFP in the instant case, which as you can corroborate was granted on April 1998. For this reason, we proceed IFP and are exempted from the payment of docket fees under the authority of FRAP 24.

So we state, allege and pray.

Respectfully submitted, today May 16, 2002, in San Juan, P.R.

Angel Ruiz Rivera

Pro Se and IFP
In Representation of IEU and Myself
P.O. Box 191209
San Juan, P.R. 00919-1209.
787-438-1555; 714-1069

**Certificate of Service**

I, Angel Ruiz Rivera, appearing here Pro Se and IFP, for both IEU and myself, hereby certify that I have sent a copy of this Notice to the counsels of record: for the defendant Great Lakes Higher Education Corporation, Mr. Jose Fagot, Esq., 1890 Pasionaria St., R.P., P.R.00927 and co-defendant Sallie Mae, Mr. Pedro Pierluisi, Esq., at O' Neill & Borges, American International Plaza, 8th. Floor, 250 Munoz Rivera, San Juan, P.R. 00918 and to counsel for co-plaintiff IEU, Santiago Palmer, Esq., Box 176, Bayamon, P.R. 00960.

**EXHIBIT**

*Exhibit 16*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

*Instituto de Educacion Universal,*
*and Angel Ruiz Rivera*

v.                                              98-1300 JAG

*Great Lakes Higher Education,*
*and Unknown Insurance Company*

MOTION TO PROCEED IN FORMA PAUPERIS
(Moción para Proceder en forma de Pobre)

I, the above-named petitioner declare under penalty of perjury that I am the petitioner in the above-entitled proceeding; that I am unable to pay the costs of said proceeding or give security thereof; that I believe I am entitled to redress; and that I believe I have a meritorious case.

(Yo, el peticionario de epígrafe, declaro bajo pena de perjurio que soy el peticionario en el caso antes mencionado; que no puedo pagar los costos de dicho procedimiento ni ofrecer garantía sobre el mismo; que considero tener derecho a un remedio y creo tener argumentos válidos.)

Wherefore, I hereby request to be allowed to proceed in forma pauperis, without prepayment of fees, costs or security thereof.

(POR TODO LO CUAL solicito se me permita proceder en forma de pobre, sin pago anticipado de cuotas, gastos o garantía de ellos.)

Date: 3/25/98
(Fecha:)                                    Petitioner - Peticionario

---

O R D E R

This motion is hereby GRANTED.
At San Juan, Puerto Rico, this 6th day of April of 19 98.

UNITED STATES DISTRICT JUDGE
3/26/98